## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTIONETTE GIPSON TAYLOR, Appellant, | DOCKET NUMBER DC-1221-19-0019-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, Agency. | DATE: March 8, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Antionette Gipson Taylor</u>, College Park, Maryland, pro se.

<u>David R. Scruggs</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

This appeal arises from the appellant's filing of a supplemental pleading, titled a cross petition for review, in a prior proceeding that the Office of the Clerk of the Board forwarded to the regional office for docketing. Initial Appeal File (IAF), Tab 1. In her appeal, the appellant alleges that the agency retaliated against her for the allegations she raised in her prior Board appeal and equal employment opportunity (EEO) complaints by placing her on absence without leave (AWOL) status after she provided notice that she would be hospitalized beginning August 21, 2018, subjecting her to a hostile work environment, and failing to respond to her requests pursuant to the Voluntary Leave Transfer Program, the Advance Leave Program, and the Family and Medical Leave Act. *Id*. at 6. The appellant provided copies of the July 24, 2018 close-out and final determination letters she received from the Office of Special Counsel (OSC). *Id*. at 10-11. In these letters, OSC informed the appellant that it had closed its inquiry into her complaint that the agency retaliated against her for reporting sexual harassment and for filing an EEO complaint and notified her of the right to

seek corrective action from the Board through an IRA appeal for alleged violations of 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D). *Id.* at 11.

In an Order to Show Cause, the administrative judge informed the appellant that there was a question regarding whether her appeal was within the Board's jurisdiction, apprised her of the elements and burden of proving jurisdiction over an IRA appeal, and ordered her to file evidence and argument on the jurisdictional issue. IAF, Tab 3. Although she generally reiterated her allegations in her initial filing, the appellant also asserted that she disclosed violations of various rules and regulations. IAF, Tab 5 at 8. She provided copies of the Department of Veterans Affairs EEO Policy Statement and the Veterans Health Administrative Directive 1124. *Id.* at 15-39. The agency asserted that the Board lacks jurisdiction over this appeal. IAF, Tab 6.

Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1, 8. The administrative judge found that, although the appellant had exhausted some of her claims before OSC, she failed to nonfrivolously allege that she made a protected disclosure. ID at 5-7. The administrative judge further found that the Board did not have jurisdiction to consider the appellant's sexual harassment and retaliation claims in the context of a mixed-case complaint or appeal because she did not nonfrivolously allege that the agency took an appealable action under 5 U.S.C. § 7512. ID at 7-8.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

An appellant bears the burden of establishing the Board's jurisdiction in an IRA appeal. 5 C.F.R. § 1201.57(b). To establish jurisdiction in an IRA appeal, an appellant must prove by preponderant evidence[2] that she exhausted her

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a

administrative remedies before OSC and make nonfrivolous allegations[3] that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.

Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Id.* To satisfy the exhaustion requirement, the appellant must inform OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Id.* An appellant may demonstrate exhaustion through her initial OSC complaint, evidence that she amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Id.*

Here, the appellant did not provide her OSC complaint or any other written correspondence with OSC. She submitted the close-out and final determination letters she received from OSC. IAF, Tab 1 at 10-11. The administrative judge properly determined, based on these letters, that the appellant only proved exhaustion of her OSC remedies regarding her allegations that the agency detailed and demoted her in reprisal for disclosing her supervisor's sexual harassment and

---

contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

for filing an EEO complaint. ID at 5; IAF, Tab 1 at 10-11. There is no evidence in the record that the additional allegations the appellant raised in this appeal regarding the retaliatory acts to which she was subjected for filing a Board appeal —placement on AWOL status, creation of a hostile work environment, and denial and/or disregard of her leave requests—fall within the scope of the claims that she exhausted before OSC. PFR File, Tab 1 at 5, 11; *see Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 15 (2015) (stating the Board only may consider those charges of wrongdoing that the appellant presented before OSC, and it may not consider any subsequent recharacterization of those charges put forth in submissions to the Board). As the administrative judge noted, the appellant has not proved exhaustion of her OSC remedies as to these allegations. ID at 6.

Thus, at issue in this appeal is whether the appellant made a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). For the following reasons, we agree with the administrative judge that she failed to meet her jurisdictional burden.

<u>The appellant's harassment disclosure is not within the Board's jurisdiction under 5 U.S.C. § 2302(b)(8)(A).</u>

Under 5 U.S.C. § 2302(b)(8)(A), a protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016). At the jurisdictional stage, the appellant only is burdened with making a nonfrivolous allegation that she reasonably believed that her disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Id.*

On review, the appellant argues that she disclosed "violations of law and current and standing Office of Personnel [Management] [OPM] and current

Department of Veterans Affairs [] EEO rules and regulations." PFR File, Tab 1 at 14. She provides the Department of Veterans Affairs' EEO Policy Statement and the Veterans Health Administrative Directive 1124, which generally set forth the agency's no-tolerance policy of unlawful discrimination including workplace harassment. *Id.* at 21-45. These documents are not a basis for granting the appellant's petition for review because they are included in the record below and thus, are not new. IAF, Tab 5 at 15-39; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new).

Even if we were to consider the appellant's allegation, the Board lacks jurisdiction to consider a Title VII claim in an IRA appeal. Under the Whistleblower Protection Act (WPA), a purported disclosure that an agency engaged in discrimination and harassment in violation of Title VII is excluded from coverage under section 2302(b)(8). *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 22 (2008). This principle remains unchanged under the Whistleblower Protection Enhancement Act of 2012 (WPEA).[4] Although the legislative history generally supports a broad interpretation of the statutory scheme's protections, the WPEA does not expand the scope of section 2302(b)(8) to include allegations of wrongdoing that fall within the purview of Title VII. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 18-21.

The appellant's EEO activity is not within the Board's jurisdiction under 5 U.S.C. § 2302(b)(9)(A).

Under 5 U.S.C. § 2302(b)(9)(A), it is a protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation— (i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other

---

[4] Pursuant to the WPEA, Pub. L. No. 112-199, 126 Stat. 1465, effective December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board. *Rebstock Consolidation*, 122 M.S.P.R. 661, ¶ 5. The alleged actions at issue in the instant appeal occurred after the effective date of the WPEA.

than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." However, of the two provisions, an employee or applicant for employment may seek corrective action from the Board only for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). 5 U.S.C. § 1221(a); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Thus, an appellant's EEO activity is considered protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) only when the complaint seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). *See Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 15.

The appellant argues that the agency retaliated against her for filing an EEO complaint. PFR File, Tab 1 at 10-11. The appellant's claim is cognizable under 5 U.S.C. § 2302(b)(1) and (b)(9), not 5 U.S.C. § 2302(b)(8). *Mata v. Department of the Army*, 114 M.S.P.R. 6, ¶ 9 n.3 (2010). In this case, there is no indication that the appellant's EEO complaint, which is not included in her submissions below, sought to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). A purported disclosure of one of the categories of wrongdoing specified in section 2302(b)(8)(A) without any allegation of whistleblower reprisal is insufficient to constitute a nonfrivolous allegation of protected activity under section 2302(b)(9)(A)(i). *Bishop*, 2022 MSPB 28, ¶ 16. Thus, the appellant has failed to nonfrivolously allege that she engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), and any purported disclosures contained therein cannot form the basis of an IRA appeal. *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶¶ 82, 84 (2001) (finding that a purported disclosure involving alleged discrimination or reprisal for engaging in activities protected by Title VII is not protected under 5 U.S.C. § 2302(b)(8) regardless of whether the appellant made the disclosure within or outside of the EEO process).

The Board lacks jurisdiction over the appellant's IRA appeal as a mixed case.

The appellant contends that the administrative judge erred in failing to adjudicate her appeal as a mixed case. PFR File, Tab 1 at 4-5. We disagree. A

mixed case is one in which the appellant alleges that she suffered an otherwise appealable action motivated by unlawful discrimination. *See Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431-32 (2017). An otherwise appealable action is a personnel action that is within the Board's statutory or regulatory jurisdiction independent of the WPA and its amendments. *Grubb v. Department of the Interior*, 96 M.S.P.R. 377, ¶ 13 (2004); *compare* 5 U.S.C. § 7512 (defining an adverse action appealable to the Board under chapter 75), *with* 5 U.S.C. § 2302(a)(2)(A) (defining a personnel action under the WPEA). Because we agree with the administrative judge that the appellant's allegations regarding her detail and demotion are insufficient to support a finding that they constitute otherwise appealable actions,[5] ID at 7, these actions can only be appealed to the Board if the appellant can establish jurisdiction over such actions as IRA claims, which she has failed to do here, *Grubb*, 96 M.S.P.R. 377, ¶ 13.

In sum, the Board lacks jurisdiction over this IRA appeal under 5 U.S.C. §§ 2302(b)(8)(A), 2302(b)(9)(A) or as a mixed case. The administrative judge properly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[5] OSC characterized the appellant's complaint as alleging that the agency detailed and demoted her. IAF, Tab 1 at 10. We rely upon OSC's letter in this instance because the appellant has provided no other evidence in support of her allegations and has not disputed OSC's characterization of her claims. Absent a reduction in grade or pay, a detail or a demotion is not an appealable action under 5 U.S.C. § 7512. As the administrative judge noted, the appellant has not alleged or provided any evidence that the actions at issue resulted in a reduction in grade or pay. ID at 7 n.7. In addition, there is no indication in the record that a constructive demotion took place. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 24 n.4 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             *Gina K. Grippando*
                                          _____
                                          Gina K. Grippando
                                          Clerk of the Board

Washington, D.C.